# United States District Court

for

## District of Southern Ohio

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Shawn Ransom**                                    Case Number: **CR-1-01-032-03**

Name of Sentencing Judicial Officer:    **The Honorable Herman J. Weber**
**United States Senior District Judge**

Date of Original Sentence: **April 12, 2002**

Original Offense: **Possession with Intent to Distribute and to Distribute Cocaine and Cocaine Base, in violation of 21 USC §§ 846 and 841(a)(1) and (b)(1)(C), a class C felony.**

Original Sentence: **57 months BOP confinement, 3 years supervised release, a $2,000.00 fine, and $100 special assessment**

Type of Supervision: **Supervised Release**                 Date Supervision Commenced: **April 22, 2005**

---

## PETITIONING THE COURT

[ ]    To extend the term of supervision for  years, for a total term of  years.
[X]    To modify the conditions of supervision as follows:

**The supervised releasee shall complete 5 months of home confinement with electronic monitoring. The supervised releasee shall comply with the conditions of home confinement and electronic monitoring as adopted by the Southern District of Ohio. Further, the supervised releasee may be required to wear an electronic device, and shall remain at his place of residence except for employment, treatment, or other activities approved in advance by the probation officer. The fees of electronic monitoring services may be waived based on the probation officer's review of the defendant's financial condition.**

## CAUSE

In April 2006, this officer notified the Court of Ransom's arrest for Driving Under the Influence (DUI). This officer recommended the Court take no action on the matter until the case was resolved as Ransom was intending on taking the matter to trial. On September 12, 2006, Ransom pled no contest to the charge and was found guilty. He was sentenced to 180 days confinement of which 174 days was suspended in lieu of a one year term of community control. Ransom was further ordered

to serve three days in the Driver Intervention Program (DIP) and three days in the Hamilton County Justice Center.

Secondly, on August 30, 2006, Ransom was arrested on a second Driving Under the Influence charge, despite according to Ransom, blowing into the probable cause hand held breathalyser and registering a 0.0 on four occasions, but then refused to blow into the formal breathalyser at the police station because he previously blew into a breathalyser four times after being stopped. The ticket indicates he failed the field sobriety tests, which Ransom contests. However, a motion to suppress is pending a hearing on January 18, 2007.

This officer spoke with Ransom about the proposed modification and told him that this officer was intending for the intermediate sanction to deal with both DUI events. Ransom was eager to resolve the issues with the Court, and understood an intermediate sanction was appropriate based on the situation. Therefore, this officer explained to him his rights to consult with an attorney before making any decision and to a modification hearing represented by counsel. Ransom stated he understood his rights completely. Ransom decided to consult with an attorney before making any decision due to having not been convicted of the second DUI. Therefore, Ransom spoke with Assistant Federal Public defender, W. Kelly Johnson about the matter. The entire situation was explained to Mr. Johnson, and he spoke with Ransom about the matter in private via telephone. This officer also spoke with Mr. Johnson about the situation, which he felt was fair and did not compromise Ransom's right against self-incrimination for the second DUI charge, if he chooses to maintain his innocence and go to trial.

Ransom decided to waive his right to a modification hearing because he was in an agreement with the sanction and wanted to resolve the entire situation from the perspective of his supervised release term. He then voluntarily signed the document.

Ransom has been heavily drug and alcohol tested since the first incident in early March 2006. Since then, all drug and alcohol tests have returned negative for the presence of drugs and alcohol. He lost his job as a result of the first DUI arrest due to his inability to get to the job based on the driving suspension that was imposed. He has struggled to find new employment because of the same situation with the second DUI arrest. However, he did recently find employment through a temporary service agency at a printing company. Ransom has been compliant in all other aspects of the supervision. This officer will refer Ransom for some additional drug and alcohol education and treatment to deal with the issue.

Based on the DUI conviction and second DUI arrest and Ransom's agreement with the sanction after consulting with counsel on the matter, this officer is respectfully recommending the Court grant the modification as stated above. Please find the signed waiver form attached to this petition.

Respectfully submitted,                                          Approved,

by *(signature)*                                                 by *(signature)*
Robert C. Frommeyer Jr.                                          John Cole
Senior U. S. Probation Officer                                   Supervising U. S. Probation Officer
Date:  December 6, 2006                                          Date: 12-8-06

PROB 12B
(12/98)

3

RE: **Shawn Ransom**
CR-1-01-032-03

THE COURT ORDERS:

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[✓] The Modification of Conditions as Noted Above
[ ] Other

_____
Signature of Judicial Officer

12/7/06
Date

PROB 49

# UNITED STATES DISTRICT COURT
## Southern District of Ohio

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

      I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel" I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing. I also understand I have the right to contact an attorney prior to signing this waiver.

      I hereby knowingly and voluntarily waive my right to consult an attorney before signing this waiver and I knowingly and voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**The supervised releasee shall complete 5 months of home confinement with electronic monitoring. The supervised releasee shall comply with the conditions of home confinement and electronic monitoring adopted by the Southern District of Ohio. Further, the supervised releasee may be required to wear an electronic device, and shall remain at his place of residence except for employment, treatment, or other activities approved in advance by the probation officer. The fees of the electronic monitoring services may be waived based on the probation officer's review of the defendant's financial condition.**

Witness: _____ Signed: _____
             U.S. Probation Officer              Probationer or Supervised Releasee

                       December 4, 2006
                           DATE